UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>   Plaintiff,<br><br>   v.<br><br>MELANIE J. LAWRENCE, et al.,<br><br>   Defendants. | Case No. 21-cv-01235-JST<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>Re: ECF No. 153 |

Before the Court is Plaintiff's motion for relief from judgment. ECF No. 153. The Court will deny the motion.

## I.   BACKGROUND

Because the facts are well-known to the parties and the Court has summarized Plaintiff's allegations in detail in its prior order, ECF No. 139, the Court will not elaborate them at length here.

In sum, Plaintiff Peyman Roshan brings this action against Defendants the Office of Chief Trial Counsel of the State Bar of California ("OCTC"); George Cardona, the current Chief Trial Counsel of the State Bar of California; and his predecessor, Melanie J. Lawrence. He challenges both the State Bar Rules of Procedure and the internal rules and policies of the State Bar as unconstitutional under the First and Fourteenth Amendments.

In his operative third amended complaint ("TAC"), ECF No. 74, Roshan brought claims on behalf of himself and two putative classes: (1) persons who have been the subject of attorney discipline "from and after 2010" and (2) persons who are subject to ongoing attorney discipline proceedings. *Id.* ¶ 31. The TAC asserted three counts against Defendants: (1) "injunctive relief for violation of constitutional rights" against Lawrence and Cardona; (2) "relief under *Ex [p]arte*

*Young*" against Cardona in his official capacity; and (3) declaratory relief against Lawrence and Cardona. *Id.* ¶¶ 38–47. Roshan sought various remedies, including a declaratory judgment that the State Bar Rules of Procedure are unconstitutional, that the State Bar's internal rules and policies regarding prosecutions are overbroad, and that all attorney discipline proceedings since 2010 violated respondents' due process rights. *Id*. at 25. He further asked the Court to enjoin Cardona from filing new charges, continuing ongoing prosecutions, or enforcing disciplinary orders until the Rules of Procedure are amended. *Id*. at 23–24. Roshan specifically seeks to enjoin the order suspending him from the practice of law, as well as "all other State Bar attorney discipline proceedings" until the Rules of Procedure are amended. *Id.* ¶ 41. Defendants thereafter moved to dismiss the TAC. ECF No. 75.

On May 23, 2023, the Court granted Defendants' motion, and dismissed Roshan's claims for lack of subject matter jurisdiction. ECF No. 139. It found that "to the extent that Roshan's facial constitutional claims seek to overturn Roshan's own prior disciplinary order, the Court is barred by *Rooker-Feldman* from hearing such claims." *Id.* at 7. The Court, however, noted that "Roshan's facial challenges to the validity of the relevant rules and procedures are not barred by *Rooker-Feldman* to the extent he seeks, for example, declaratory relief that the rules and procedures are unconstitutional." *Id.* at 8. It further dismissed Roshan's remaining claims for lack of standing, but it granted "leave to amend solely to provide Roshan with an opportunity to allege additional facts, if he can do so, that would support a reasonable inference that he will face future disciplinary proceedings under the rules and policies he challenges as unconstitutional." *Id.* at 10.

After the Court granted Defendants' motion to dismiss, Roshan filed an administrative motion, ECF No. 143, which the Court construed as a motion for leave to file a motion for reconsideration under Civil Local Rule 7-9. ECF No. 145. Roshan argued that the Court's May 23, 2023 order was inconsistent with *Reed v. Goertz*, 143 S. Ct. 955 (2023), which was issued on April 10, 2023. ECF No. 143 at 3–4. In denying Roshan's motion, the Court reasoned that he did not "meet the necessary burden of showing (1) a material difference in law from that presented to the Court before the order, (2) a change of law arising after the order, or (3) a manifest failure by this Court to consider dispositive legal arguments presented to it before the order." ECF No. 145

2

1  at 1–2.

2  Roshan now moves for relief from judgment under Federal Rule of Civil Procedure 60(b).
3  Defendants oppose the motion, arguing that Roshan cannot invoke Rule 60(b) to challenge a non-
4  final order.

## II.  JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a movant may seek relief from a "final judgment, order, or proceeding" for six reasons: (1) mistake, inadvertence, surprise or excusable neglect[1]; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *see Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Rule 60(b) does not provide relief from judgments, orders, or proceedings that are not final decisions within the meaning of 28 U.S.C. § 1291, which generally cannot be appealed immediately." *Meas v. City & Cnty. of San Francisco*, 681 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010); *see also United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (finding Rule 60(b) applies only to motions attacking "final, appealable orders").

## IV.  DISCUSSION

Roshan seeks relief from this Court's May 23, 2023 order on two grounds. First, he argues that he is entitled to relief under Rule 60(b)(1) because the Court erred in applying the *Rooker-Feldman* doctrine in its prior ruling. Second, he contends that he is entitled to amend his complaint under Rule 60(b)(2) in light of newly discovered evidence concerning the State Bar's failure to provide disciplinary respondents with exculpatory evidence. Defendants respond that Roshan's motion should be denied because "it asks the Court to set aside the *non-final* order dismissing the [TAC] with leave to amend, whereas [R]ule 60(b) applies only to *final* judgments,

---

[1] "The ordinary meaning of the term 'mistake' in Rule 60(b)(1) includes a judge's legal errors." *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022).

3

orders or proceedings." ECF No. 154 at 11 (emphasis in original).

It is well-established that Rule 60(b) is limited to relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). Interlocutory orders and judgments—including those that dismiss some, but not all, claims in a complaint—are "not within the provisions of 60(b)." *In re Gerry*, 670 F. Supp. 276, 277 n.2 (N.D. Cal. 1987), *aff'd sub nom. Adams v. Johns-Manville Corp.*, 876 F.2d 702 (9th Cir. 1989). "[W]hen a district court expressly grants leave to amend, it is plain that the order is not final." *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136–37 (9th Cir. 1997). The Court's May 23, 2023 order granted Roshan "leave to amend to allege additional facts to support a reasonable inference that he will again face disciplinary proceedings under the rules and policies he challenges as unconstitutional." ECF No. 139 at 10. Accordingly, it is a non-final order that is not subject to review under Rule 60(b).

Roshan's argument that this Court's prior order is "final" under Rule 60(b) is difficult to comprehend. He appears to assert that it is incorrect to assume that "the word 'final' in the portion of Rule 60(b) means "final in the sense of appealable, or final in the sense that the time for appeal has expired" because "proceedings," as well as certain judgments and orders, are not appealable. ECF No. 156 at 6. This argument is not persuasive. Indeed, the Advisory Committee's Notes on the 1946 Amendments to Rule 60(b) expressly state that "[t]he addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief . . . interlocutory judgments are not brought within the restrictions of the rule." Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment. The Court's prior order, which granted leave to amend, did not provide "a final resolution of the whole controversy." *Interlocutory*, *Black's Law Dictionary* (11th ed. 2019) ("interim or temporary; not constituting a final resolution of the whole controversy."). It is therefore an interlocutory order that is beyond the reach of Rule 60(b).

Roshan contends that it is in the interest of judicial efficiency to "address any errors on matters that partially dispose of a lawsuit before holding a trial." ECF No. 156 at 6. This argument also fails. To the contrary, the Supreme Court has made clear that the final judgment rule serves judicial efficiency as it "reduces the ability of litigants to harass opponents and to clog

4

the courts through a succession of costly and time-consuming appeals." *Flanagan v. United States*, 465 U.S. 259, 263–64 (1984).

Finally, Roshan contends that Rule 60(c)'s "emphasis on promptness" would be "defeated" if "orders dismissing all claims" are not addressable until "the last dismissal order." ECF No. 156 at 6. This argument also is without merit. "A party does not lose the right to appeal an interlocutory order by not immediately appealing and waiting for the final judgment. The interlocutory order merges in the final judgment and may be challenged in an appeal from that judgment." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (quoting *Hook v. Arizona Dep't of Corr.*, 107 F.3d 1397, 1401 (9th Cir. 1997)).

Because the Court's May 23, 2023 order is non-final, Rule 60(b) provides no basis for relief from judgment.

## CONCLUSION

In sum, because the Court's May 23, 2023 order granting Defendants' motion to dismiss is not a final order, Roshan's Rule 60(b) motion is denied.

**IT IS SO ORDERED.**

Dated: November 9, 2023



JON S. TIGAR
United States District Judge