UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>   Plaintiff,<br><br>   v.<br><br>MELANIE J. LAWRENCE, et al.,<br><br>   Defendants. | Case No. 21-cv-01235-JST<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO AMEND ORDERS TO PERMIT INTERLOCUTORY APPEAL**<br><br>Re: ECF No. 173 |

Before the Court is Plaintiff Peyman Roshan's motion for certification under 28 U.S.C. § 1292(b). The Court will deny the motion.

The final judgment rule ordinarily provides that courts of appeal shall have jurisdiction only over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. However, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983).

"Section 1292(b) is a departure from the normal rule that only final judgments are

appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). To that end, "section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litigation*, 673 F.2d at 1027.

The Court concludes that Roshan has failed to show that two of the three requirements of Section 1292(b) are met.

The Court begins with whether there is a substantial ground for a difference in opinion. "To determine if a 'substantial ground for difference of opinion' exists under [Section] 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. Roshan contends that "the question of whether the State Bar is entitled to Eleventh Amendment immunity is controlling" in this litigation. ECF No. 173 at 2. At the time Roshan filed his motion on December 3, 2023, that issue was pending before the Ninth Circuit in *Kohn v. State Bar*. On December 6, 2023, however, the Ninth Circuit released its opinion in *Kohn* and held, in part, that the State Bar "is an arm of the state and entitled to sovereign immunity." *Kohn v. State Bar of California*, --- F.4th ----, No. 20-17316, 2023 WL 8441781, at *9 (9th Cir. Dec. 6, 2023). Thus, even if there was a "substantial ground for difference of opinion" as to controlling law at the time of filing, such a ground no longer exists. This factor is not satisfied.

Second, "[w]hen litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *Hansen Beverage Co. v. Innovation Ventures*, *LLC*., No. 08CV1166 IEG(POR), 2010 WL 743750, at *4 (S.D. Cal. Feb. 25, 2010). Roshan has not demonstrated that an immediate appeal of these orders will materially advance this litigation. He contends that an immediate appeal may materially advance this litigation in light of his "current appeal in *Roshan v. McCauley*," which also concerns the *Rooker-Feldman* doctrine. ECF No. 173 at 3. However, the Court agrees with Defendants that "[t]his case is already nearly resolved[,]" and Roshan "may benefit more quickly by allowing this case to remain in the district court." ECF No. 174 at 3–4. Accordingly, this factor is likewise not satisfied.[1]

---

[1] Because two of the three requirements are not met, the Court need not reach the third.

For the foregoing reasons, the Court denies Roshan's motion for Section 1292(b) certification.

**IT IS SO ORDERED.**

Dated:  December 8, 2023



JON S. TIGAR
United States District Judge