UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>     Plaintiff,<br><br>  v.<br><br>MELANIE J. LAWRENCE, et al.,<br><br>     Defendants. | Case No. 21-cv-01235-JST<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: ECF Nos. 175, 176, 178 |

On December 5, 2023, Plaintiff Peyman Roshan filed an administrative motion, pursuant to Civil Local Rule 7-11, requesting this Court to issue a stay pending resolution of the pending appeal in the related case of *Roshan v. McCauley*, No. 23-cv-5819-JST.

District courts have inherent power to stay proceedings in order to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court, in evaluating a motion to stay, must weigh the competing interests at stake. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among the competing interests are: (1) the possible damage that may result from a stay; (2) the hardship or inequity a party may suffer by being required to proceed; and (3) the stay's potential effect on the orderly course of justice, measured in terms of simplifying or complicating issues, proof, and questions of law. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

"A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). The burden is on the movant to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Roshan has not carried his burden in demonstrating that a stay is justified. He argues only

that "the correct application of the *Rooker-Feldman* doctrine" is "a jurisdictional issue present in both this action and *McCauley*," and therefore, "[t]his Court should [] stay this proceeding." ECF No. 176 at 3. Roshan has neither demonstrated that he would suffer hardship or inequity by being forced to proceed, nor would a denial of a stay impede the orderly course of justice. *See Leyva*, 593 F.2d at 864. The Court also sees no discernible harm in parallel proceedings of this action and *McCauley*. Accordingly, Roshan's motion to stay is denied.

**IT IS SO ORDERED.**

Dated:  December 12, 2023



_____
JON S. TIGAR
United States District Judge