1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7   PEYMAN ROSHAN,                               Case No. 21-cv-01235-JST

8                       Plaintiff,

9           v.                                    **ORDER GRANTING MOTION TO DISMISS**

10  MELANIE J. LAWRENCE, et al.,                  Re: ECF No. 195

11                      Defendants.

12
13          Before the Court is Defendants' motion to dismiss.  ECF No. 195.  The Court will grant

14  the motion.[1]

15  **I.      BACKGROUND**

16          Plaintiff Peyman Roshan, a California lawyer, brings this action challenging both the State

17  Bar Rules of Procedure and the internal rules and policies of the State Bar as unconstitutional

18  under the First and Fourteenth Amendments, among other claims.  Roshan seeks injunctive and

19  declaratory relief against Defendant George Cardona, the current Chief Trial Counsel of the State

20  Bar of California, and his predecessor, Defendant Melanie J. Lawrence.  ECF No. 190 ¶¶ 3,4.

21  Because the facts are well-known to the parties and the Court has summarized Roshan's

22  allegations in detail in its prior motion to dismiss orders, *see* ECF Nos. 56, 139, the Court will not

23  elaborate them here.

24          In dismissing Roshan's third amended complaint, the Court determined that Roshan did

25  not allege "any additional facts from which this Court [could] reasonably infer a sufficient

26  likelihood of future injury."  ECF No. 139 at 9.  However, because the Court could not definitively

27  _____

28  [1] The Court finds the motion suitable for disposition without oral argument and hereby vacates the
    July 18, 2024 motion hearing.  *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

1   "conclude that further amendment would be futile," it granted leave to amend.  *Id.* at 10.  The

2   Court explicitly noted that it "grant[ed] leave to amend *solely* to provide Roshan with an

3   opportunity to allege additional facts, if he can do so, that would support a reasonable inference

4   that he will face future disciplinary proceedings under the rules and policies he challenges as

5   unconstitutional."  *Id.* (emphasis added).

6          Roshan's fourth amended complaint alleges violations of: (1) the Fourteenth Amendment;

7   (2) Cal. Bus. & Prof. Code § 6805; (3) the Supremacy Clause; (4) and the First Amendment.  ECF

8   No. 190 at 18–26.  Relevant here, Roshan also alleges that "[d]uring the course of this litigation,"

9   the California Department of Real Estate ("DRE") "conducted a hearing and imposed reciprocal

10  discipline by terminating Roshan's license."  *Id.* ¶ 34.  He claims that "[u]nder the rules of conduct

11  for attorneys," an attorney must "'report to the State Bar, in writing, within 30 days'" of learning

12  that discipline "'by a professional or occupational disciplinary agency or licensing board'" is

13  forthcoming.  *Id.* (quoting Cal. Bus. & Prof. Code. § 6068(o)(6)).  Roshan avers that he "informed

14  opposing counsel, Ms. Himes of the State Bar, of the termination of his real estate in writing;

15  however, Ms. Himes replied that was insufficient 'to fulfill [his] ethical obligation to report the

16  DRE discipline to the State Bar.'"  *Id.*  Ms. Himes allegedly informed Roshan that "under

17  applicable State Bar procedures," he was required to "report the DRE discipline" through others at

18  the State Bar and that failing to do so "risk[s] further disciplinary action."  *Id*.  Roshan "did not

19  inform the State Bar" that the DRE had revoked his real estate license and now alleges that he

20  risks future disciplinary action.  *Id.*

21  **II.      JURISDICTION**

22         The Court has jurisdiction under 28 U.S.C. § 1331.

23  **III.     LEGAL STANDARD**

24          "Article III confines the federal judicial power to the resolution of 'Cases' and

25  'Controversies.'"  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  "For there to be a case

26  or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other

27  words, standing."  *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)).

28          A defendant may attack a plaintiff's standing by moving to dismiss for lack of subject

United States District Court
Northern District of California

1    matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Cetacean Cmty.*

2    *v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). In a facial challenge to subject matter jurisdiction,

3    the defendant asserts that the plaintiff's allegations "are insufficient on their face to invoke federal

4    jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating

5    such a facial challenge, the court must assume that the complaint's allegations are true and draw

6    all reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.

7    2004).

8    **IV.    DISCUSSION**

9          **A.    Standing**

10         In its two prior orders, the Court dismissed certain of Roshan's claims for lack of standing

11   because, based on the allegations in his complaints, the Court could not reasonably infer a

12   sufficient likelihood of future injury, as required for Roshan to have standing to seek prospective

13   injunctive and declaratory relief on the basis of a facial challenge to the constitutionality of the

14   state bar rules. *See* ECF Nos. 56 at 12–13, 139 at 9–10. Defendants again move to dismiss

15   Roshan's causes of action on the ground that his "allegations fail to plausibly allege that [he] will

16   face future disciplinary proceedings for failing to use the correct State Bar procedures to report his

17   DRE discipline." ECF No. 195 at 22.

18         "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction."

19   *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). To have standing to bring a claim,

20   the party invoking federal jurisdiction must establish: (1) an "injury in fact," or "an invasion of a

21   legally protected interest" that is both "concrete and particularized" and "actual or imminent, not

22   'conjectural' or 'hypothetical'"; (2) causation, or "a causal connection between the injury and the

23   conduct complained of," and (3) redressability, meaning "it must be 'likely,' as opposed to merely

24   'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of*

25   *Wildlife*, 504 U.S. 555, 560–61 (1992) (alterations in original) (citations omitted).

26         "[A] plaintiff must demonstrate standing separately for each form of relief sought."

27   *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). "Thus, a plaintiff who has standing

28   to seek damages for a past injury, or injunctive relief for an ongoing injury, does not necessarily

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   have standing to seek prospective relief such as a declaratory judgment." *Id.*  To have standing to

2   seek prospective relief, a plaintiff "must allege either 'continuing, present adverse effects' due to

3   her exposure to [d]efendants' past illegal conduct," *Villa v. Maricopa County*, 865 F.3d 1224,

4   1229 (9th Cir. 2017) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)), or "a sufficient

5   likelihood that [s]he will again be wronged in a similar way," *id.* (alteration in original) (quoting

6   *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).  As set forth below, the allegations in

7   Roshan's fourth amended complaint satisfy neither of these criteria.

8          First, Roshan again alleges facts regarding the continuing adverse effects that arose from

9   his own allegedly unconstitutional attorney discipline proceedings, including the suspension of his

10  license to practice law, an obligation to pay disciplinary costs and costs associated with potential

11  reinstatement, and reciprocal discipline relating to Roshan's real estate license.  ECF No. 190

12  ¶¶ 33, 34.  While Roshan alleges that granting the relief he seeks would redress these adverse

13  effects, the Court made clear in its prior order that granting only requested the  relief that would

14  redress the continuing adverse effects Roshan identifies stands in conflict with the *Rooker-*

15  *Feldman* doctrine.  ECF No. 139 at 9–10.  Accordingly, the Court declines to analyze this issue

16  anew.

17         Second, Roshan adds new allegations concerning the revocation of his real estate license.

18  ECF No. 190 ¶ 34.  He avers that Ms. Himes, an attorney in the State Bar's Office of General

19  Counsel, informed him that he would face future disciplinary proceedings for failing to use correct

20  State Bar procedures to report his DRE discipline.  *Id.*  These allegations, however, fail to

21  plausibly allege that Roshan will face future disciplinary proceedings.[2]  Critically, Roshan did not

22  allege that the State Bar's Office of Chief Trial Counsel ("OCTC") has threatened to initiate

23  proceedings.  *See* Cal. Bus. & Prof. Code § 6044 ("The chief trial counsel . . . may initiate and

24  conduct investigations of all matters affecting or relating to" attorney misconduct); Rules Proc. of

25  State Bar, rule 2604 ("The Office of Chief Trial Counsel may file a notice of disciplinary charges

26

27  ─────────────────────

28  [2] Roshan's opposition fails to respond to Defendants' arguments concerning standing.  *See* ECF No. 203 at 22–23.  Additionally, he does not argue that he can allege additional facts to establish standing.  *See id.*

4

1   if it finds in its discretion: (1) there is reasonable cause to believe that an attorney has committed a

2   violation of the State Bar Act or the Rules of Professional Conduct and (2) the attorney has

3   received a fair, adequate and reasonable opportunity to deny or explain the matters which are the

4   subject of the notice of disciplinary charges.").  Further, prior to bringing charges against Roshan,

5   the OCTC would have to notify Roshan and allow him an opportunity to respond to the

6   allegations.  *See* Rules Proc. of State Bar, rule 2409 ("Prior to the filing of a Notice of Disciplinary

7   Charges, the Office of Chief Trial Counsel shall notify the attorney in writing of the allegations

8   forming the basis for the complaint or investigation and shall provide the attorney with a period of

9   not less than two weeks within which to submit a written explanation.").  Roshan does not allege

10   that he has received such written notification.  And finally, it bears emphasis that Roshan is

11   currently suspended from the State Bar for failure to pay his licensing fees.  ECF No. 190 ¶ 33

12   ("Because Roshan has not paid the disciplinary costs in full, under the current rules, his license is

13   subject to continued suspension.").  As Defendants point out, he has not plausibly alleged that "it

14   is likely that the State Bar would devote resources to disciplining an attorney for failing to report

15   another agency's imposition of discipline that was simply a consequence of the State Bar's own

16   disciplinary order."  ECF No. 195 at 23.  In sum, the Court concludes that there are no allegations

17   suggesting any further discipline is imminent or likely.

18         **B.**      **Other Causes of Action**

19        Leave to amend was granted "solely to provide Roshan with an opportunity to allege

20   additional facts . . . that would support a reasonable inference that he will face future disciplinary

21   proceedings under the rules and policies he challenges as unconstitutional."  ECF No. 139 at 10–

22   11.  Nonetheless, Roshan's fourth amended complaint realleges and impermissibly expands upon

23   claims dismissed without leave to amend.  *See, e.g.*, ECF No. 190 ¶¶ 29–34, 37–38, 44, 52–56.

24   Because these new allegations ignore the Court's prior admonition, the Court declines to address

25   them.

26                           **CONCLUSION**

27        Accepting the well-pleaded facts of the fourth amended complaint as true, and construing

28   all reasonable inferences in Roshan's favor, the Court concludes that Roshan's claims must be

United States District Court
Northern District of California

5

dismissed for lack of standing.  The Court therefore grants Defendants' motion to dismiss the fourth amended complaint.  Plaintiff having previously been given more than one opportunity to amend his complaint, dismissal is with prejudice.  *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.' (quoting *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 879 (9th Cir.1999)).

The Court will direct the Clerk to enter judgment and close this case.

**IT IS SO ORDERED.**

Dated:  June 17, 2024



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California