UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEYMAN ROSHAN,

    Plaintiff,

v.

MELANIE J. LAWRENCE, et al.,

    Defendants.

Case No. 21-cv-01235-JST

**ORDER DENYING MOTION TO ALTER JUDGMENT**

Re: ECF No. 213

Before the Court is Plaintiff Peyman Roshan's motion to alter or amend the Court's June 17, 2024 judgment. ECF No. 213. The Court will deny the motion.

Under Rule 59(e), a party may move a court to alter or amend a judgment within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). A Rule 59(e) motion "is an 'extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam)).

Generally, there are four grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate*, 634 F.3d at 1111.

Roshan contends that the Court committed clear error in granting Defendants' motions to

dismiss. Roshan's motion rehashes his prior arguments, which the Court has already rejected. The Court need not revisit its prior determinations. *See Remington v. Mathson*, No. 17-cv-02007-JST, 2018 WL 11014377, at *3 (N.D. Cal. June 26, 2018) (rejecting arguments that merely rehashed earlier arguments previously rejected); *see also Townsend v. Nat'l Arbitration Forum, Inc.*, No CV 09-09325-MWF (RNBx), 2012 WL 12882711, at *1 (C.D. Cal. July 17, 2012) (rejecting Rule 59(e) motion where the moving party appeared "to rehash arguments that could have been raised previously in opposition to Defendants' various motions to dismiss"), *aff'd*, 584 F.App'x. 664 (9th Cir. 2014). "Motions to amend or alter judgment under Rule 59(e) are not intended to give dissatisfied litigants a second bite at the apple." *Mendel v. Randolph*, No. 19-cv-03244-JST, 2021 WL 9817487, at *3 (N.D. Cal. Aug. 4, 2021).

Because Roshan has not alleged an adequate basis to alter or amend the judgment under Rule 59(e), his claim for relief from judgment is denied.

**IT IS SO ORDERED.**

Dated: November 20, 2024



JON S. TIGAR
United States District Judge