UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MELANIE J. LAWRENCE, et al.,<br><br>    Defendants. | Case No. 21-cv-01235-JST<br><br>**ORDER DENYING MOTION FOR INDICATIVE RULING**<br><br>Re: ECF No. 229 |

Before the Court is Plaintiff Peyman Roshan's motion for an indicative ruling regarding relief from a judgment or order. ECF No. 229. The Court will deny the motion.

## I. BACKGROUND

Because the facts are well-known to the parties and the Court has summarized Roshan's allegations in detail in its prior orders, ECF Nos. 56, 139, the Court will not repeat them in full here. In sum, this closed case involves an action by Roshan, a California lawyer, challenging both the State Bar Rules of Procedure and the internal rules and policies of the State Bar as unconstitutional under the First and Fourteenth Amendments, among other claims. Roshan seeks injunctive and declaratory relief against Defendant George Cardona, the current Chief Trial Counsel of the State Bar of California, and his predecessor, Defendant Melanie J. Lawrence ("Defendants"). ECF No. 190 ¶¶ 3, 4.

Roshan filed his fourth amended complaint on April 1, 2024. ECF No. 190. Defendants subsequently filed a motion to dismiss, which the Court granted on June 17, 2024. ECF No. 211. In so ruling, the Court reiterated that the *Rooker-Feldman* doctrine barred the court from hearing Roshan's case. *Id.* Roshan then filed a motion to alter judgment, ECF No. 213, which the Court denied on November 20, 2024. ECF No. 223.

Roshan appealed the June 17, 2024, order granting the motion to dismiss, and the November 20, 2024, order denying motion to alter judgment. ECF No. 224. That appeal remains pending before the Ninth Circuit.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62.1 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Consideration of such a request involves four steps:

> First, the appealing parties must be motivated by some concern or issue and specifically ask for an indicative ruling. Second, the District Court is then obliged to indicate its view of the request. If the request is denied, that ends the inquiry. If the District Court is inclined to grant the request for an indicative ruling, the third step is to tell the parties and the Circuit Court of its intent. Finally, it is up to the Circuit Court to decide whether it will send the case back to the District Court and empower the lower court to rule.

*Defs. of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011).

## III. DISCUSSION

Roshan asks the Court for an indicative ruling that this Court would grant his Rule 60(b) motion if the Ninth Circuit remands the case or that the Rule 60 motion raises a substantial issue. He argues that the Court incorrectly applied the *Rooker-Feldman* doctrine to bar his claims, as reflected by the U.S. Supreme Court's recent decision in *Williams v. Reed*, 604 U.S. ----, 145 S. Ct. 465 (2025).[1] *See generally* ECF No. 229.

The Court has reviewed Roshan's request and concludes that it lacks merit. Roshan's motions under Rule 62.1 are therefore denied.

"[T]he purpose of Rule 62.1[(a)] is to promote judicial efficiency and fairness by providing a mechanism for the district court to inform the parties and the court of appeals how it could rule on a motion made after the district court has been divested of jurisdiction." *Harper v. Charter*

---

[1] As a preliminary matter, the Court notes that *Williams* was not a case involving the *Rooker-Feldman* doctrine.

1  *Commc'ns, LLC*, No. 2:19-CV-00902 WBS DMC, 2024 WL 3901469, at *1 (E.D. Cal. Aug. 22,
2  2024) (quoting *Amarin Pharms. Ir. Ltd. v. FDA*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015)).  As
3  Defendants point out, "Plaintiff is not presenting newly discovered evidence or any other issue that
4  this Court would be in any better position than the Ninth Circuit to decide. Rather, he is asking
5  this Court to consider the same question (i.e., does *Rooker-Feldman* apply) that is at issue in his
6  pending appeal."  ECF No. 230 at 6.  Under these circumstances, issuing an indicative ruling
7  would not promote judicial efficiency and fairness because the Ninth Circuit may address the
8  newly cited case by Roshan in the first instance, and if this Court issued an indicative ruling, "that
9  would likely delay the previously scheduled proceedings in front of the Ninth Circuit." *Harper*,
10 2024 WL 3901469, at *2.

## CONCLUSION

For reasons set forth above, Roshan's motion for an indicative ruling is denied.

**IT IS SO ORDERED.**

Dated:  July 2, 2025

_____
JON S. TIGAR
United States District Judge